IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CESAR MORALES ORTEGA,

     Petitioner,

     v.                            3:26cv1547

LEONARD ODDO, ET AL.,           ELECTRONICALLY FILED

     Respondents

**MEMORANDUM ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER (Doc. 5)**

Pending is Petitioner's Emergency Motion for Temporary Restraining Order ("TRO Motion").[1]  (Doc. 5).

Petitioner's TRO Motion seeks a temporary restraining order ("TRO") which enjoins Respondents from removing Petitioner "until final resolution of the Habeas petition."  (*Id*. at 2).

As explained by the district court in *Johnson v. Harry*, No. 3:24-194, 2026 WL 993778 (W.D. Pa. Jan. 13, 2026) (Haines, J.):

> in order to obtain a temporary restraining order (a "T.R.O.") a Plaintiff must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the Plaintiff, (3) granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017); *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."). The first two factors, likelihood of success on the merits and irreparable harm, "operate both as essential elements and as factors that guide the exercise of equitable discretion. They are elements because the failure of the moving party to make either of those threshold showings is fatal to the issuance of a preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Bd*., 108 F.4th 144, 150 (3d Cir. 2024)

---

[1] Petitioner originally filed his TRO Motion at Doc. 2 along with a duplicative Habeas Petition.  The TRO Motion filed at Doc. 2 was removed from public view and refiled at Doc. 5.

(emphasis added).

*Johnson*, 2026 WL 993778, at *1.  Further, Federal Rule of Civil Procedure 65(b)(1) provides: "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . ."  Fed. R. Civ. P. 65(b)(1).

Having reviewed Petitioner's habeas petition (Doc. 1), and TRO Motion (Doc. 5), Petitioner's TRO Motion is denied because while Petitioner's TRO Motion argues that Petitioner will suffer irreparable harm if he is removed from the United States by Respondents prior to his habeas petition being adjudicated, Petitioner has not set forth facts in his habeas petition or TRO Motion which even suggest that Respondents intend to imminently effectuate Petitioner's removal.  As such, Petitioner has not demonstrated such immediate and irreparable injury to justify the issuance of a TRO without notice to Respondents or an opportunity for them to be heard.  *See* Fed. R. Civ. P. R. 65(b), *supra.*

Having found that Petitioner's TRO Motion shall be denied, the Court understands Petitioner's habeas petition to ultimately be seeking a prompt review of the lawfulness of Petitioner's detention, and relief, in the form of, at a minimum, an individualized bond hearing. Consistent therewith, an expedited case management schedule will issue forthwith.

SO ORDERED this 12th day of August, 2026.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:  ECF Counsel of Record

2